Filed 9/21/16  In re June P. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re JUNE P., a Person Coming Under the Juvenile Court Law. | |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | B268704 (Los Angeles County Super. Ct. No. DK06363) |
| Plaintiff and Respondent, | |
| v. | |
| MICHAEL P., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Philip L. Soto, Judge.  Reversed and remanded with directions.

Jennifer L. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary Wickham, County Counsel, and Kim Nemoy, Deputy County Counsel, for Plaintiff and Respondent.

Appellant Michael P. (Father), father of June P., appeals the juvenile court's order denying him unmonitored visitation. The court was prepared to grant Father such visitation, but insisted that it could not do so until Father secured from the criminal court an order modifying a previously issued restraining order. Father contends that rule 8.34 of the Los Angeles Superior Court Local Rules (Local Rule 8.34) requires a juvenile judicial officer who has been persuaded that unmonitored visitation would be in a child's best interest to initiate contact with any judicial officer who issued a criminal restraining order to obtain modification of the restraining order, and that the juvenile court erred in failing to follow the rule.[1] We agree and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

June was born in March 2013. Shortly after her birth, Mother obtained a temporary restraining order prohibiting Father from contacting her, June or the maternal grandmother with whom they lived. Later that month, Father was arrested and remained incarcerated for several months. After his arrest, the court issued a permanent restraining order, expiring in June 2023.

Mother, who tested positive for marijuana after Father's arrest, agreed to participate in voluntary family maintenance services offered by the Department of Children and Family Services (DCFS). However, she failed to participate and failed to keep in contact with DCFS. In July 2014, DCFS filed a petition under

---

[1] Respondent submitted a letter stating it took no position in the appeal.

Welfare and Institutions Code section 300.[2] June was detained in September 2014.[3]

In November 2014, the court found jurisdiction appropriate under section 300, subdivisions (a) and (b) due to domestic violence and substance abuse. Prior to the May 2015 six-month review hearing, DCFS informed the court that Father was enrolled in a domestic violence class and a three-month outpatient drug program, had completed parenting education, was attending Alcoholics Anonymous meetings, and was gainfully employed. He was drug testing, but his tests were often positive for cannabinoids. At the review hearing, the court found that there was a substantial probability that June would be returned to the custody of her parents within the time frame required by section 366.21, subdivision (g), and granted both parents further reunification services. It granted Father, who had been prohibited from contacting June by the criminal restraining order, monitored telephone communication with June.

In August 2015, Father petitioned for modification under section 388, seeking in-person visits based on having obtained a modification of the restraining order.[4] The court instructed DCFS to examine the criminal court file by August 14 to ensure the modification order had been filed, and to arrange monitored visitation three times per week for three hours "if appropriate." Visitation began August 22.

---

[2]     Undesignated statutory references are to the Welfare and Institutions Code.

[3]     Between July and September, Mother's and June's whereabouts were unknown. June was initially placed with her paternal grandmother, who fell ill and died. After a brief period with another paternal family member, she was placed in foster care with the B.'s, where she currently resides.

[4]     As modified, the restraining order stated: "The defendant also has a dependency case pending, this court has no objection to allow defendant to have monitored visits as prescribed by dependency court. [¶] The court orders defendant to follow[] any order given in the dependency court case as far as monitored visits are concerned."

The six visits that followed went well, and Father did not miss any scheduled visits.

In September 2015, Father petitioned again under section 388, seeking unmonitored visitation. He presented evidence of having completed the parenting, domestic violence and drug treatment components of his case plan. The court denied the petition "[without] prejudice," instructing DCFS to meet and confer with Father to arrange unmonitored visitation.

By October 2015, DCFS had not liberalized visitation, and Father submitted another request to the court for unmonitored visits. At the November 2, 2015 hearing on the request, counsel for DCFS explained that the agency did not object to Father's having unmonitored visits with June, but felt hamstrung by the restraining order because even as modified, it required visitation to be monitored.[5] The court stated that all it could do was to give DCFS "discretion to allow for overnight visits" if Father "ha[s] the criminal court [order] modified."

Counsel for Father brought to the court's attention Local Rule 8.34(d)(1), which provides: "If a criminal court protective order exists and a judicial officer in another court has a case in which he or she determines that it is appropriate to permit visitation different than that provided for in the criminal protective order, the judicial assistant for that judicial officer must contact the judicial assistant for the judicial officer currently assigned to the criminal case to request a modification." Counsel explained that it had taken Father three months to obtain the initial modification, that he had spent considerable time interacting with the public defender's office attempting to get a further modification, and that counsel herself had unsuccessfully sought to obtain a modification. The court stated: "I'm not supposed to be talking to the criminal court judges. They are not supposed to

---

[5]     June's counsel raised no objection to liberalized visitation.

4

be talking to me." The court insisted that it was up to Father to "stay[] in the [public defender's] office all day long until he reaches somebody, a supervisor or somebody that will listen to him then get it done." Following the hearing, the court issued an order stating, "Father may have unmonitored day visits with the child, June, if Father can have [the] criminal court protective order modified." Father appealed.

## DISCUSSION

Father contends that the juvenile court erred by failing to contact the criminal court to request modification of the criminal court restraining order pursuant to Local Rule 8.34(d)(1). We agree. Local Rule 8.34 "sets forth the court communication protocol for Domestic Violence and Child Custody Orders as required by the California Rules of Court."[6] (L.A. Sup. Ct. Local Rules, rule 8.34(a).) It requires the judicial assistant for a judicial officer who determines that visitation should be different than that provided for in a criminal protective order to contact the judicial assistant for the judicial officer assigned to the criminal case to request modification. (Rule 8.34(d).) Here, Father had complied with the components of his reunification program, and the juvenile judge concluded -- without objection from any party -- that unmonitored visitation was appropriate, but apparently believed it was improper for juvenile court personnel to assist

---

[6]    Rule 5.445(c)(1) and (c)(2) of the California Rules of Court provides that every superior court must adopt local rules establishing "[a] procedure for communication among courts issuing criminal court protective orders and courts issuing orders involving child custody and visitation" and "[a] procedure by which the court that has issued a criminal court protective order may, after consultation with a court that has issued a subsequent child custody or visitation order, modify the criminal court protective order to allow or restrict contact between the person restrained by the order and his or her children."

5

Father in obtaining a modification of the criminal restraining order. This was incorrect. Pursuant to Local rule 8.34(d)(1), the judge should have instructed his judicial assistant to communicate with the judicial assistant for the criminal judge who issued the restraining order to initiate modification.

The court's order is reversed and the matter is remanded to follow the correct procedure. On remand, the court may consider events that have transpired or circumstances that have changed during the pendency of this appeal. (See *In re C.M.* (2014) 232 Cal.App.4th 1394, 1405.)

## DISPOSITION

The order of November 2, 2015 is reversed.  The matter is remanded for further proceedings consistent with the views expressed in this opinion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.


We concur:


WILLHITE, Acting P. J.


COLLINS, J.